UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

    Petitioner,

v.

    Case No. 2:09-cv-45
    HON. ROBERT HOLMES BELL

JEFFREY WOODS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Anthony Dwayne Washington filed this petition for writ of habeas corpus challenging the validity of his continued confinement following the vacation of his 10 to 15 year involuntary manslaughter sentence on February 27, 1998. According to the Judgment of Sentence dated February 27, 1998, Petitioner's 10 to 15 year sentence on an involuntary manslaughter conviction was set aside and Petitioner was sentenced to 15 to 22 years as a habitual offender - second offense, in addition to receiving a 2 year sentence for felony firearm. (Plaintiff's Exhibit A, p. 1.) Petitioner also attaches page 24 of the sentencing transcript, in which the state court states:

> For the offense of manslaughter, of course, I heard the prosecuting attorney say something about 30 years, but this matter is limited by the nature of the conviction itself. Manslaughter by itself only carries up to 15 years, and with the habitual second it can only be a matter of twenty-two and a half years. So, the conviction limits as to what the Court can do in this particular case. But I do intend to sentence to the fullest extent under that because of his history.
>
> With that in mind I sentence the defendant to a minimum of 10 years and a maximum of 15 years for the offense of manslaughter, involuntary manslaughter. I set that aside and sentence as a habitual

second, and sentence the defendant to a minimum of 180 months and
a maximum of 270 months. That is translated into [a] 15 year to
22-1/2 year sentence.

(Plaintiff's Exhibit A, p. 2.)

Petitioner filed a grievance regarding his continued confinement on August 2, 2007, and appealed the denial of his grievance to step III. In the step I and II responses, Petitioner was advised to petition the state courts for relief. (Petitioner's Exhibit B, p. 2; Exhibit C, p. 2.) The step I response states:

It was explained to the prisoner during interview he was sentenced on 2-27-98 by Hon. Thomas E. Jackson with Ct. 1 being set aside and consecutive to Ct. 2 (2 yr. to 2 yr. and 15 yr. to 22 yr., sentence enhanced pursuant to MCL 769.13, second offender 769.10). Credit 1218 toward parole only. The decision to release prior to his earliest release date is not within the jurisdiction of the Michigan Department of Corrections. It was suggested he petition the courts for action regarding his issue.

(Petitioner's Exhibit B, p. 2.) The step III response, is dated December 28, 2007 and states:

The record indicates that although an involuntary manslaughter sentence was vacated on 2-27-98, the grievant continues to serve a 2y-2y sentence for felony firearm, a 15y-22y6m sentence for involuntary manslaughter and a 5y-15y sentence for Assault-Robbery Armed. The grievant has presented insufficient information from which to conclude that his sentences as currently listed and calculated are incorrect. This grievance appeal is denied.

(Petitioner's Exhibit C, p. 4.) It does not appear that Petitioner ever pursued any relief in the state courts.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be

summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus relief be dismissed with prejudice.

To the extent that Petitioner is complaining that he was not released from prison after the vacation of his 10 to 15 year sentence for the offense of involuntary manslaughter, this Court is without subject matter jurisdiction to grant habeas corpus relief in this case. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." In this case, one of Petitioner's sentences has been vacated, but the record shows that Petitioner is continuing to serve his time on his remaining sentences. Petitioner fails to assert any collateral consequences of the vacated sentence which would render him 'in custody' for the purposes of a habeas attack upon this sentence.

In addition, to the extent that Petitioner is contesting the state court's imposition of his 15 to 22½ year sentence as a habitual offender, this claim is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, Petitioner's habitual offender sentence was imposed on February 27, 1998, but Petitioner took no action until 2007. In the opinion of the undersigned, the statute of limitations had already run by the time that Petitioner filed his step I grievance. However, even if the statute of limitations had not run prior to Petitioner filing his grievance, his step III grievance appeal is dated December 28, 2007. Petitioner took no further action. Therefore, the latest date that the statute of limitations would have begun running is December 28, 2007. Petitioner did not file his habeas corpus petition until February 20, 2009, nearly two months after the statute of limitations had run.

In summary, the undersigned concludes that Petitioner's claims lack merit and/or are barred by the applicable statute of limitations and therefore recommends that this Court dismiss the petition with prejudice.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of his petition on statute of limitations grounds. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. Furthermore, Petitioner's ability to file objections to this report and recommendation constitutes his opportunity to be heard by the District Judge.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds that the court lacks jurisdiction and / or Petitioner's application is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

Finally, should the court adopt the report and recommendation in this case, Plaintiff's pending motions (docket #2, #4, #5, #7, #10, and #13) are properly denied as moot.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 10, 2009