UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

    Petitioner,

File No. 2:09-CV-45

v.

HON. ROBERT HOLMES BELL

JEFFREY WOODS,

    Respondent.
                                   /

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE REPORT AND RECOMMENDATION

On July 10, 2009, United States Magistrate Judge Timothy P. Greely issued a Report and Recommendation ("R&R"), recommending that Petitioner Anthony Dwayne Washington's 28 U.S.C. § 2254 petition be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. (Dkt. No. 15.) Petitioner filed a "motion for responsive pleading" together with a memorandum of law on July 22, 2009, which the Court construes as Petitioner's objections to the R&R. (Dkt. Nos. 16, 17.) For the reasons that follow, Petitioner's objections and motions are denied and the R&R is adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner's habeas claim stems from the fact that, on February 27, 1998, the state court initially sentenced Petitioner to 10 to 15 years for involuntary manslaughter, set that sentence aside, and then sentenced him to an enhanced sentence of 15 to 22.5 years based on the habitual offender provisions in Mich. Comp. Laws § 769.10. The R&R recommended dismissal in part because Petitioner had not alleged any collateral consequences resulting from the vacated sentence, and in part because Petitioner's challenge to his current sentence is barred by the applicable statute of limitations.

In response to the R&R, Petitioner apparently contends that the enhanced sentence is a collateral consequence of the vacated sentence; however, the sentencing transcript submitted by Petitioner indicates that the court vacated the initial sentence because it intended to issue an enhanced sentence.[1] Thus, the enhanced sentence effectively replaced the vacated sentence; it was not a "consequence" of the vacated sentence.

Petitioner apparently does not object to the determination of the R&R that his challenge to the enhanced sentence is barred by the statute of limitations because he waited almost nine years after his sentence issued in 1998 before filing his step I grievance in 2007. Nor does Petitioner offer any basis for the Court to conclude that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (setting forth factors for equitable tolling). Therefore, the Court will adopt the recommendation of the R&R and dismiss Petitioner's habeas petition.

Finally, the R&R also recommends that the Court deny the remainder of Petitioner's pending motions as moot, including motions to supplement and amend the petition, a motion

---

[1] The pertinent portion of the transcript is set forth in the R&R.

to appoint counsel, and a motion for summary judgment (Dkt. Nos. 2, 4, 5, 7, 10, 13). Petitioner has not raised any objections to this recommendation; thus, they will be denied as moot. After the R&R was filed, Petitioner also filed a motion to transfer the case, as well as a motion for writ of mandamus. (Dkt. Nos. 19, 22.) The latter motions will also be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for responsive pleading (Dkt. No. 16), characterized as objections to the Report and Recommendation, is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 15) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner Anthony Dwayne Washington's 28 U.S.C. § 2254 petition (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's other pending motions (Dkt. Nos. 2, 4, 5, 7, 10, 13, 19, 22) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 42 U.S.C. § 2253(c)(2).

A judgment will be entered that is consistent with this memorandum opinion and order.

**This concludes the case.**

Dated: November 20, 2009                /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE